IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX HIGHTOWER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOSEPH L. MCGRATH, Warden, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. C 03-1054 JSW (PR) <br><br> **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Felix Hightower ("Petitioner"), a state prisoner proceeding pro se, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. On July 1, 2003, the Court ordered Respondent to show cause why the petition should not be granted (docket no. 3). Respondent filed an answer supported by a memorandum and exhibits (docket nos. 10-12), and Petitioner filed a traverse (docket no. 15). For the reasons discussed below, the petition is denied on the merits.

**PROCEDURAL BACKGROUND**

On October 29, 1997, a jury in Alameda County Superior Court convicted Petitioner of second degree murder with use of a knife and arson. On January 28, 1998, the trial court sentenced Petitioner to consecutive terms of fifteen years to life for the murder, three years for arson, and one year for the weapon enhancement. Petitioner appealed his conviction and sentence, and the judgment was affirmed in a partially-published, two-to-one decision. The opinion was superseded by the Supreme Court of California, which granted review and

transferred the case back to the Court of Appeal for reconsideration in light of *People v. Cleveland*, 77 Cal. App. 4th 1123 (2001). The Court of Appeal again affirmed the conviction in a published two-to-one decision, filed on December 20, 2001. On March 20, 2002, the Supreme Court of California denied petitioner's petition for review, with Justice Kennard voting to grant review and to order that the opinion of the Court of Appeal not be published in the official reports. Petitioner has filed no other state petitions for post-conviction relief.

Petitioner filed the present petition on March 11, 2003. His federal habeas petition alleges that the trial court violated Petitioner's right to trial by jury and to due process by engaging in an overly intrusive inquiry of the jurors and dismissing a juror without sufficient cause. This Court finds that Petitioner is not entitled to habeas relief on his claims, and denies the petition in its entirety.

## FACTUAL BACKGROUND[1]

A fire broke out on September 3, 1990 in the apartment occupied by Petitioner and his mother. Petitioner was observed running from the alley in front of the apartment. Firemen entered the apartment and found Mary Hightower and her dog dead in her bedroom. Ms. Hightower had been stabbed or cut 63 times and had died as a result of the stabbings. Her death occurred one to three days before the fire. The fire had been deliberately set.

Ms. Hightower had last been seen on Friday, August 31, when she agreed to join friends on a trip the following morning. She did not answer when friends came to pick her up the following morning. At 6:30 a.m that day., Petitioner went to an Oakland hospital emergency room to be treated for cuts to the hands and he told the nurse he'd cut himself with a knife an hour earlier. Petitioner received 17 stitches and was released. Blood found at the murder scene matched Petitioner's while excluding 99.75% of the rest of the African-American population. Petitioner was observed that Saturday morning by the apartment with another person loading a television into a truck.

There was testimony at the trial that Petitioner had a "drug problem" and had previously

---

[1] This summary of facts is derived from the opinion of the California Court of Appeal. *See People v. Hightower,* 114 Cal. Rptr. 2d 680 (Cal. Ct. App. 2001).

taken a television from his mother's house and had been heard arguing with his mother about drug use, missing items and money. Witnesses also testified that Petitioner and his mother had a close relationship, cared for one another and had never been observed having any physical conflicts.

On the third day of jury deliberations, the jury submitted a note to the court requesting guidance on how to proceed when a juror is "using general feelings and not following instructions ... based on a fundamental belief that the love between a mother and son is strong." *Hightower,* 114 Cal. Rptr. 2d at 683. Later that day, a second note was submitted to the court by the jury foreperson, informing the court that unidentified juror(s) were incapable of following the court's instructions and were discussing "feelings," "suppositions" and "unreasonable interpretations of the evidence." *Id.* The note reported that the juror had expressed concerns that the trial was creating job and marital problems and depriving the juror of sleep. The note concluded that the juror(s) might be unsuited to the case based on "an internal belief system [whether] personal or cultural, which is precluding that an individual may be capable of committing the charged crime." *Id.* at 683-84.

A hearing on misconduct was held over defense objection. The trial court heard testimony from the foreperson which identified Juror 8 as the subject of the earlier notes. At the hearing, all jurors were questioned by the court and counsel about Juror 8's conduct during deliberations, after the court admonished each juror not to discuss the substance of its deliberations. Jurors were then questioned about whether Juror 8 had stated that he could not imagine or believe a son would kill his mother; whether Juror 8 made statements that he should not have served on a jury considering such a charge; whether he had not realized that the charges involved matricide; and whether he had been sleeping during the trial. Each juror was admonished after their testimony at the hearing not to disclose the questions they were asked or the answers given to the other jurors. After the hearing, the court made a finding of juror misconduct regarding Juror 8 on the basis that he had failed to disclose a bias which prevented him from fairly sitting as a juror, that he failed to deliberate, that he slept during the trial and that he responded falsely to a question on voir dire and the court excused him. An alternate juror was seated to replace Juror 8 and the trial court

3

instructed the jury to begin deliberations anew. The reconstituted jury returned a guilty verdict against Petitioner.

**STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), so the provisions of that act apply to it. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499-1500 (9th Cir.1997) ("justice and judicial economy are better served by applying the Act to cases filed after the enactment date"), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the

4

prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeal, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *as amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

To determine whether habeas relief is warranted, a federal court looks to the decision of the highest state court to address the merits of a Petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000); *see Packer v. Hill*, 291 F.3d 569, 578-79 ( 9th Cir.) (where State Supreme Court denied habeas petition without comment federal court looks to last reasoned decision of a state court as the basis of the state court's judgment), *rev'd on other grounds by Early v. Packer*, 537 U.S. 3 (2002).

## DISCUSSION

### Juror Substitution Claims

In his petition for federal habeas relief, Petitioner claims that the overly intrusive inquiry by the trial court into the jury deliberations and the dismissal of Juror 8 violated his constitutional rights. Although the habeas petition sets out a number of different arguments, all relate to the trial court's actions in excusing juror 8 from deliberating on the jury that convicted Petitioner. Essentially, the petition raises three constitutional claims: that the trial court's overly intrusive

inquiry violated Petitioner's right to trial by jury; that the dismissal of juror 8 violated Petitioner's right to a jury trial and a unanimous verdict; and that the trial judge's actions coerced a verdict in violation of Petitioner's rights to trial by jury and due process. Petitioner is not entitled to habeas relief on these claims.

### A.    **Legal Standard**

The Sixth Amendment affords criminal defendants the right to trial by an impartial jury. The right to a jury trial applies to state criminal trials through the Due Process Clause of the Fourteenth Amendment. *See Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). This Sixth Amendment right encompasses claims regarding the improper discharge of trial jurors. The California statute governing discharge and substitution of jurors has been upheld as facially constitutional. *See Miller v. Stagner*, 757 F.2d 988, 995 (9th Cir.), *amended*, 768 F.2d 1090 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986). statute reads, in relevant part:

> If at any time, whether before or after the final submission of the case to the jury, a juror dies or becomes ill, or upon other good cause shown to the court is found to be unable to perform his duty, or if a juror requests a discharge and good cause appears therefor, the court may order him to be discharged and draw the name of an alternate, who shall then take his place in the jury box, and be subject to the same rules and regulations as though he had been selected as one of the original jurors.

Cal. Pen. Code § 1089. However, an individual may still raise a Sixth Amendment challenge to the substitution of a particular juror on grounds that there was not good cause for it. *See Perez v. Marshall*, 119 F.3d 1422, 1426 (9th Cir. 1997), *cert. denied*, 522 U.S. 1096 (1998). Because on habeas review a trial court's findings regarding juror fitness are entitled to special deference, review is for manifest error. *See id.* Even the trial court's knowledge that the excused juror was the sole holdout for acquittal does not in itself invalidate the decision to excuse the juror. *See id.* at 1427 (dismissal of holdout juror permissible because juror's emotional instability that made her unable continue deliberating provided good cause for her dismissal); *cf. Sanders v. Lamarque*, 357 F.3d 943, 948-50 (9th Cir. 2004) (removal of known holdout juror improper when court's only justification was prosecutor's representation that he would have exercised a peremptory challenge to disqualify the juror if he had known of the additional material disclosed during *in camera* juror examination but not asked about during voir dire). The court may not, however,

remove a juror during deliberations if the request for discharge stems from doubts about the sufficiency of the government's evidence. *See Perez*, 119 F.3d at 1428.

"[L]ong-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry." *Tanner v. United States*, 483 U.S. 107, 127 (1987) (holding that district court did not violate petitioner's Sixth Amendment rights in failing to hold a second evidentiary hearing regarding juror intoxication based on the inadmissibility of juror testimony and insufficiency of non-juror evidence of misconduct). Federal Rule of Evidence 606(b) and California Evidence Code section 1150(a), for example, prohibit the use of juror testimony to impeach a verdict when that testimony relates to intrinsic matters, i.e., the internal, mental processes by which the verdict was rendered. *See id.* at 116-27 (discussing Fed. R. Evid. 606(b); *People v. Cox*, 53 Cal. 3d 618, 695-96 (1991) (discussing Cal. Evid. Code § 1150(a)).

Criminal defendants in state court have no federal constitutional right to a unanimous jury verdict. *See Apodaca v. Oregon*, 406 U.S. 404, 410-12 (1972) (rejecting 6th Amendment right to jury trial challenge to 10-2 state jury verdict);[2] *Johnson v. Louisiana*, 406 U.S. 356, 359-63 (1972) (rejecting due process challenge to 9-3 state jury verdict). However, California requires unanimity of verdict from all twelve jurors in a criminal trial. *See* Cal. Const. art. I, § 16; *People v. Engelman*, 28 Cal. 4th 436, 442 (2002). Accordingly, claims regarding the right to a unanimous verdict may raise a ground cognizable in federal habeas corpus if the conduct underlying the claim so infected the trial that the defendant was thereby deprived of a fair trial guaranteed by the Fourteenth Amendment. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988); *see also United States v. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979) (with regard to refused instructions, examination of record is required to see precisely what was given and what was refused and thereby see if what was given was so prejudicial as to infect the entire trial and so deny due process), *cert. denied*, 445 U.S. 966 (1980).

Dismissal of a juror because the juror has doubts about the sufficiency of evidence amounts to the denial of the defendant's right to a unanimous verdict. *See United States v.*

---

[2] The right to trial by a jury specified in the Sixth Amendment is applicable to the States by the Fourteenth. *See Apodaca*, 406 U.S. at 406 (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968)).

7

Symington, *195 F.3d 1080, 1087 (9th Cir. 1999).* "[I]f the record evidence discloses any *reasonable* possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case, the court must not dismiss the juror." *See id.* at 1087 (emphasis in original).

A claim that actions by the trial court may have had a coercive effect on the jury may also raises a due process claim. *See, e.g., Jenkins v. United States*, 380 U.S. 445, 446 (1965) (jurors may not be coerced into surrendering views conscientiously held; remanding for new trial where judge's statement to jury that "you have got to reach a decision in this case" was found to have coercive effect). Claims of juror coercion frequently arise in the context of the use of a supplemental jury charge given by the court to encourage a jury to reach a verdict after the jury has been unable to agree for some period of deliberation. *See Allen v. United States*, 164 U.S. 492, 501-02 (1896). As the Ninth Circuit has held in *Sanders,* 357 F.3d at 944, "(r)emoval of the holdout juror is the ultimate form of coercion." Federal courts reviewing the coerciveness of actions by a state court must consider the claim "'in its context and under all circumstances,'" *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) (citation omitted); *see Jiminez v. Myers*, 40 F.3d 976, 980 (9th Cir. 1993), *cert. denied*, 513 U.S. 810 (1994), *and cert. denied*, 516 U.S. 813 (1995); *Locks v. Sumner*, 703 F.2d 403, 406 (9th Cir.), *cert. denied*, 464 U.S. 933 (1983).

Whether the comments and conduct of the state trial judge violated due process ultimately turns on whether "'the trial judge's inquiry would be likely to coerce certain jurors into relinquishing their views in favor of reaching a unanimous decision.'" *Jiminez*, 40 F.3d at 979 (quoting *Locks*, 703 F.2d at 406). Relief will not be granted unless it is clear from the record that the action by the trial court had an impermissibly coercive effect on the jury. *Rodriguez v. Marshall*, 125 F.3d 739, 750 (9th Cir. 1997), *cert. denied*, 524 U.S. 919 (1998).

**B.     Analysis**

Petitioner's claims regarding the substitution of Juror 8 were considered twice by the California Court of Appeal. The Court of Appeal initially affirmed Petitioner's conviction. The California Supreme Court subsequently granted review pending its decision in *Cleveland* and transferred the case back to the Court of Appeal for consideration in light of its holding therein. After reconsideration, the Court of Appeal again affirmed the conviction. *People v. Hightower*,

114 Cal. Rptr. 2d 680 (Cal. Ct. App. 2001). The California Supreme Court thereafter summarily denied review. Therefore, the Court of Appeal is the highest state court to address the merits of a Petitioner's claim in a reasoned decision. *LaJoie,* 217 F.3d at 669.

In its opinion, the Court of Appeal evaluated Petitioner's claims under the standard set forth in *People v. Cleveland*, 25 Cal.4th 466 (Cal. 2001). In *Cleveland*, the California Supreme Court affirmed the trial court's discretionary power to discharge a juror for good cause where substantial evidence constituting grounds for removal appear in the record as a demonstrable reality. *Id.* at 474. The Court also recognized the competing needs to protect the sanctity of jury deliberations and the trial court's obligation to investigate allegations of jury misconduct. "The need to protect the sanctity of jury deliberations, however, does not preclude reasonable inquiry by the court into allegations of misconduct during deliberations." *Id.* at 476. *Cleveland* also reaffirmed the California rule that the decision whether to investigate the possibility of misconduct rests within the sound discretion of the trial court. *Id.* at 478. In ruling on the constitutional claims, the California Supreme Court considered a line of federal cases, including *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999), declining to adopt that aspect of the case which "restricts a court's authority to inquire into whether a juror is unwilling or unable to deliberate and that precludes dismissal of such a juror whenever there is "any reasonable possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case." *Cleveland,* at 484 (citation omitted). *Cleveland* holds that under California law a trial court may conduct whatever inquiry is reasonably necessary to determine whether grounds for dismissal exist when put on notice of such and to discharge the juror when it appears as a "demonstrable reality" that the juror is unable or unwilling to deliberate. *Id.*

In this case, after reviewing the standard set forth in *Cleveland*, the Court of Appeal upheld the trial court's decision to investigate the allegations of misconduct by Juror 8 and the trial court's ultimate decision to discharge him. The Court of Appeal found that "it is not effectively disputed that the initial note to the trial court raised sufficient grounds to warrant, and indeed to require, further investigation." *Hightower,* 114 Cal. Rptr. 2d at 692. The Court of Appeal further found that the evidence at the hearing on misconduct supported the trial court's findings that Juror

9

8 concealed a bias which prevented him from fairly determining the truth in a case involving matricide, was sleeping during the taking of evidence and that the juror's doubts about the sufficiency of the prosecution's case did not preclude his discharge in light of the existence of independent, proper grounds for removal. *Id.* at 693.

Petitioner contends that the trial court's overly intrusive inquiry violated his Sixth Amendment rights. However, the finding by the Court of Appeal that the trial court's inquiry was a proper exercise of the trial court's discretion is not contrary to or an unreasonable interpretation of established Supreme Court precedent. The cases which Petitioner raises in support of his claim do not establish otherwise. In *Remmer* v. *United States*, 350 U.S. 377, 381 (1956) the Supreme Court found that the district court's investigation into a claim of improper communication with a trial juror was inadequate and that "(p)roper concern for protecting and preserving the integrity of the jury system" required reversal of the conviction. In *Tanner,* 483 U.S. at 126-27, the Supreme Court upheld the district court's refusal to hold an additional evidentiary hearing in which jurors would be allowed to offer evidence regarding alcohol and drug use by the jury which had been found inadmissible under the Federal Rules against a Sixth Amendment challenge. The holding in *Tanner* that such an inquiry was unnecessary where other means existed to protect a defendant's right to a competent jury does not preclude proper inquiry by a trial court where jury misconduct is alleged. While in the instant case the inquiry by the trial court into Juror 8's conduct during deliberations was extensive, the focus of the inquiry primarily involved issues of Petitioner's conduct and ability to deliberate, rather than the substance of the jury's deliberations. Moreover, the trial court properly admonished each juror that was questioned not to disclose the substance of deliberations and, after the inquiry, not to disclose the substance of the court's questions or their answers to the other jurors. The Court of Appeal's holding that the trial court's hearing on jury misconduct did not violate Petitioner's Sixth Amendment right to trial is not contrary to or an unreasonable interpretation of established Supreme Court precedent.

Petitioner further argues that the trial court's discharge of Juror 8 violated his constitutional rights to trial by jury and to a unanimous verdict. In this case, the trial court extensively questioned the jury at the hearing before deciding whether Juror 8 should be excused. The trial

court had the best opportunity to make an assessment of Juror 8's answers to the questions regarding his fitness and to determine whether other members of the jurors had witnessed actions that constituted misconduct. In reviewing the trial court's actions, the Court of Appeal detailed the findings by the trial court that supported the excusal of Juror 8. *Hightower*, 114 Cal. Rptr. 2d at 684-88. As the Ninth Circuit has held, a trial court's findings regarding juror fitness are entitled to special deference. *Perez*, 119 F.3d at 1426. Even the trial court's knowledge that the excused juror was the sole holdout for acquittal does not invalidate the decision to excuse the juror. *See id.* at 1427.[3] There is sufficient evidence here that the trial court's finding of misconduct was supported by good cause. Moreover, there is scant support in the record for Petitioner's argument that Juror 8 was improperly discharged *because* he harbored doubts about the sufficiency of the evidence. Thus, although the California Supreme Court declined to follow that aspect of the decision in *Symington* which "restricts a court's authority to inquire into whether a juror is unable or unwilling to deliberate and that precludes dismissal of such a juror whenever there is "any reasonable possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case(,)", *Cleveland,* 25 Cal. 4th at 484, no such reasonable possibility exists here. For that reason, dismissal of Juror 8 did not deprive Petitioner of his right to trial by jury and by a unanimous verdict. *See* Symington, *195 F.3d at 1087.* As such, this Court finds that the removal of Juror 8 was not contrary to, or an unreasonable interpretation of established Supreme Court precedent.

For much the same reason, Petitioner's claim that the trial court's actions effectively coerced the jury, depriving Petitioner of due process must be denied. Where the trial court's determination to remove a juror arises from a proper inquiry and finding of misconduct and not due to his status as a holdout juror, it cannot be said that the trial judge's conduct toward the jury was coercive. *See*, *Sanders,* 357 F.3d at 944-45. This Court finds that the Court of Appeal's upholding of the trial court's inquiry into the allegations of jury misconduct and discharge of Juror 8 was not contrary to, or an unreasonable interpretation of established Supreme Court

---

[3]While there is nothing in the Court of Appeal's opinion that identifies Juror 8 as the sole holdout for acquittal, the questioning of the jurors by the trial court regarding his conduct made clear that he was.

11

precedent.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: March 30, 2006

                                      *Jeffrey S. White*
                                      JEFFREY S. WHITE
                                      United States District Judge